| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Brett F. Bodie (SBN: 264452)<br>Bankruptcy Law Center, APC<br>16133 Ventura Blvd., Ste 700<br>Encino, CA 91436<br>ph (800) 492-4033<br>fax (866) 444-7026<br>email: brett.bodie@blc-sd.com<br><br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Nedra Sneed | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>NEDRA SNEED<br><br><br><br><br>Debtor(s). | CASE NO.: 1:14-bk-12307-MT |
|---|---|
| | CHAPTER: 13 |
| | **NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (PERSONAL PROPERTY)** |
| | [No hearing required unless requested under LBR 9013-1(o)] |

**Creditor Name:** SPRINGLEAF FINANCIAL SERVICES, INC.

TO THE CREDITOR, CREDITOR'S ATTORNEY AND OTHER INTERESTED PARTIES:

1. NOTICE IS HEREBY GIVEN that the Debtor hereby moves this court for an order, without a hearing, avoiding a lien on the personal property (Personal Property) described herein on the grounds set forth below.

2. **Deadline for Opposition Papers:**
   Pursuant to LBR 9013-1(o), any party objecting to Debtor's motion may file and serve a written objection and request a hearing on this motion. If you fail to file a written response within 14 days of the date of service of this notice, plus 3 additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F), the court may treat such failure as a waiver of your right to oppose this motion and may grant the requested relief.

3. **Type of case:**
   a. ☒ A voluntary petition under chapter    ☐ 7   ☐ 11   ☐ 12   ☒ 13 was filed on: 05/03/2014
   b. ☐ An involuntary petition under chapter   ☐ 7   ☐ 11 was filed on: _____
      ☐ An order for relief under chapter   ☐ 7   ☐ 11 was entered on: _____
   c. ☐ An order of conversion to chapter   ☐ 7   ☐ 11   ☐ 12   ☐ 13 was filed on: _____
   d. ☐ Other: _____

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  **Procedural Status:**

   a. ☒ Name of trustee appointed (*if any*): _Elizabeth F. Rojas_____

   b. ☐ Name of attorney of record for trustee (*if any*): _____

5.  Debtor claims an exemption in the subject ~~real~~ property under:

   a. ☐ California Code of Civil Procedure § _____ (homestead) exemption amount claimed on schedules:
      $_____

   b. ☒ California Code of Civil Procedure § _703.140b3__ exemption amount claimed on schedules:

   c. $_3,000.00_____

   d. ☐ Other statute (*specify*): _____

   e. ☐ Other statute (*specify*): _____

6.  Debtor's entitlement to an exemption is impaired by a nonjudicial lien, the details of which are as follows:

   a. On (*specify date*): _09/13/2013__ Debtor obtained a consumer loan from respondent in the principal amount of
      (*specify amount*): $_3,100.00_____

   b. As security for said loan, Debtor(s) gave respondent a security interest in the Personal Property in Debtor's
      possession.

   c. The loan was neither obtained nor used for the purpose of buying the Personal Property.

   d. The current balance due on the loan is (*specify amount*): $_4,395.67_____

7.  On Schedule C, Debtor claimed an exemption in said personal property.

8.  Debtor alleges that the fair market value of each individual item of the Personal Property claimed exempt is set forth in
    a declaration attached hereto. (*Attach Debtor's declaration to this motion*)

9.  Debtor attaches the following documents in support of the motion (*as appropriate*): _Copy of Springleaf Proof of Claim_

   a. ☒ Schedule C listing all exemptions claimed by Debtor                          Copy of Debtor's Scheds B &C

   b. ☒ Loan agreement

   c. ☒ Security agreement

   d. ☒ Declaration of fair market value

   e. ☐ Other (*specify*): _____

   f. ☐ Other (*specify*): _____

   g. ☐ Other (*specify*): _____

Total number of attached pages of supporting documentation: __19_

10. Debtor declares under penalty of perjury under the laws of the United States that the foregoing is true and correct.

WHEREFORE, Debtor prays that this court issue an order (a copy of the form of which is submitted herewith and has been served) avoiding the subject lien.

Date: 09/16/2014

_____
Signature of Debtor

NEDRA SNEED
_____
Printed name of Debtor

Date: **09/25/2014**

/S/ Brett F. Bodie
_____
Signature of attorney for Debtor

BRETT F. BODIE
_____
Printed name of attorney for Debtor

Brett F. Bodie (SBN: 264452)
BANKRUPTCY LAW CENTER, APC
16133 Ventura Blvd. Ste 700
Encino, Ca 91436
Phone: (800) 492-4033
Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**Central District of California**

In Re: NEDRA SNEED

             Debtor,

) Case No.: 1:14-bk-12307-MT
)
) **DECLARATION OF DEBTOR IN SUPPORT**
) **OF MOTION TO AVOID LIEN UNDER 11**
) **U.S.C §522(f)**
)
)
)
)
)

## DECLARATION

I, NEDRA SNEED, am over the age of eighteen years and declare the following to be true and correct under the penalty of perjury of the laws of the United States:

1. On or about 09/13/2013, I took out a loan with SPRINGLEAF FINANCIAL SERVICES, INC (hereinafter "SPRINGLEAF") in the amount of $3,100.00

2. The loan contained a security agreement which secured the loan to some of my personal household goods.  The loan agreement contains an attachment entitled "Personal Property Appraisal Form" which lists the following used personal property: a bicycle, a camcorder, a computer, and a television (See Attached EXHIBIT A – SPRINGLEAF PROOF OF CLAIM).

3. I owned all of the items described in the "Personal Property Appraisal From" prior to obtaining the loan from SPRINGLEAF.  The

SPRINGLEAF loan was not used for the purpose of buying any of the above-referenced items.

4. Of the items described above, I no longer have the camcorder as it was taken by my ex-fiancé. I also no longer have the HP Computer as it was very old and stopped working and we disposed of it. The only items that still remain in my possession are the television and the bicycle.

5. Based on my own familiarity with the bicycle and given its current condition, along with my personal experience selling used personal property, I believe the fair market value of the bicycle to be $125.00 or less.

6. The television is a 48" Samsung flat panel TV. New 48" Samsung TVs often sell for $600.00 or less, and mine is an older model. Based on my familiarity with the television and given its current condition, along with my personal experience selling used personal property, I believe its fair market value to be $300.00 or less.

7. On Schedule B of my bankruptcy paperwork, I listed "used household goods and furnishings" in the amount of $3,000.00 or less. I included the above-referenced personal property items in my overall valuation of my household personal property and furniture. SEE ATTACHED EXHIBIT B - SCHEDULES B AND C.

8. On Schedule C of my bankruptcy paperwork, I claimed an exemption pursuant to 11 U.S.C. §703.140(b)(3) in the amount of $3,000.00.

9. The secured claim of SANTANDER impairs my exemption claim and is subject to avoidance under 11 U.S.C. §522(f)(1)(B)

1    The foregoing is stated under penalty of perjury under the laws of the

2    United States of America.

3

4    EXECUTED AT: Encino, CA          By:    _____
                                             NEDRA SNEED
5    DATED: September 18, 2014

6                                     Respectfully Submitted,

7                                     BANKRUPTCY LAW CENTER, APC

8                                     By:    /s/ Brett F. Bodie
                                             BRETT F. BODIE, Esq.
9                                            Attorney for Debtor

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# SPRINGLEAF PROOF OF CLAIM

B 10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT   Central | DISTRICT OF California | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>NEDRA SNEED | Case Number:<br>1:14-BK-12307-MT | |
|---|---|---|

NOTE: Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.
You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):

SPRINGLEAF FINANCIAL SERVICES, INC.

**COURT USE ONLY**

Name and address where notices should be sent:

Springleaf Financial
PO BOX 3251
Evansville, IN 47731-3251

Telephone number: 800-266-9800
e-mail: CBP@SPRINGLEAF.COM

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**
_____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:                    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $    4395.67

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____ Money Loaned _____ (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br><br>2765 | 3a. Debtor may have scheduled account as:<br><br>_____<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>N/A<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☒ Other

**Describe:** PERSONAL PROPERTY _____

**Value of Property:** $    3100.00

**Annual Interest Rate:** 34.49 % ☒ Fixed  or  ☐ Variable
(when case filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$    414.98

**Basis for perfection:** see attached _____

**Amount of Secured Claim:** $    3100.00

**Amount Unsecured:** $    1295.67

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).

Amount entitled to priority:

$ _____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)


UNCPA1 (07-13-14) Proof of Claim

Case 1:14-bk-12307-MT Claim 8-1 Filed 09/26/14 Desc Main Document Page 9 of 25
Case 1:14-bk-12307-MT Claim 8-1 Filed 09/26/14 Desc Main Document Page 2 of 3
B 10 (Official Form 10) (04/13)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. (See instruction #7, and the definition of "**redacted**.")

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)
Check the appropriate box.

[X] I am the creditor.     [ ] I am the creditor's authorized agent.     [ ] I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)     [ ] I am a guarantor, surety, indorser, or other co-debtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: KELLIE A. MEAGHER

Title:   Bankruptcy Specialist

Company:   Springleaf Financial

Address and telephone number (if different from notice address above):

_____
_____     /S/ KELLIE A. MEAGHER      08/14/14
_____       (Signature)        (Date)

Telephone number:      email:

---

**Penalty for presenting fraudulent claim:** Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. (Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (04/13)

_____DEFINITIONS_____      _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

**SECURED Proof of Claim Attachment - Itemized Statement of the Interest, Fees, Expenses or Charges**

The following is an itemization of Interest, Fees, Expenses or Charges due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on the Proof of Claim form).

Name of Debtor:  Nedra Sneed                                 Case Number:                                      14-12307
                                                            Last four digits of any numb
Name of Creditor:  SPRINGLEAF FINANCIAL SERVICES, INC.       use to identify the debtor's a                    2765

**Part 1: Statement of Principal and Interest Due as of the Petition Date**

Itemize the principal and interest due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

1. Principal due                                                                                    $    4,100.56

2. Interest due

| | Interest rate | From mm/dd/yyyy | To mm/dd/yyyy | Amount | |
|---|---|---|---|---|---|
| | 34.49% | 2/21/2014 | 5/3/2014 | $ 275.11 | |
| | | | | $ - | |
| | | | | $ - | |
| | | Total interest due as of petition date | | $ 275.11 | Copy total here  $    275.11 |

3. Total principal and                                                                             $    4,375.67
   interest due

**Part 2: Statement of Prepetition Fees, Expenses, and Charges**

Itemize the fees, expenses, and charges incurred in connection with the claim as of the petition date (included in the Amount of Claim listed on Item 1 on the Proof of Claim form).

| Description | Dates incurred | | | Amount | |
|---|---|---|---|---|---|
| Late Charges | 3/21/2014 | to | 5/3/2014 | $ 20.00 | |
| Non-Sufficient funds (NSF) fees | 9/13/2013 | to | 5/3/2014 | $ - | |
| Attorney's fees | 3/21/2014 | to | 5/3/2014 | $ - | |
| Judgment fees | 1/0/1900 | to | 5/3/2014 | $ - | |
| Filing fees and court costs | 3/21/2014 | to | 5/3/2014 | $ - | |
| Advertisement costs | 3/21/2014 | to | 5/3/2014 | $ - | |
| Sheriff/auctioneer fees | 3/21/2014 | to | 5/3/2014 | $ - | |
| Title costs | 3/21/2014 | to | 5/3/2014 | $ - | |
| Recording fees, Recovery/Reconvey Fees | 3/21/2014 | to | 5/3/2014 | $ - | |
| Appraisal/broker's price opinion fees | 3/21/2014 | to | 5/3/2014 | $ - | |
| * Insurance advances | 9/13/2013 | to | 5/3/2014 | $ 308.60 | * |
| * Other. Specify: Forbearance Interest | 9/13/2013 | to | 5/3/2014 | $ - | * |
| * Other. Specify: Creditor Placed Insurance | 9/13/2013 | to | 5/3/2014 | $ - | * |
| Other | 9/13/2013 | to | 5/3/2014 | $ - | |
| Other | 9/13/2013 | to | 5/3/2014 | $ - | |
| Other | 9/13/2013 | to | 5/3/2014 | $ - | |
| Total Prepetition fees, expenses, and charges. Add all of the amounts listed above. | | | | $ 328.60 | |

*NOTE: Not all amounts listed in Total from Part 2 are considered past due,
and Total copied into Part 3 has been adjusted to only include the amounts
allowable for arrearage(s) as of the Petition Date

**Part 3: Statement of Amount Necessary to Cure Default as of the Petition Date**

1. Installment payments due

   Date last payment received by creditor _____2/21/2014_____

   Number of installment payments due _____2_____

   Current Monthly Payment $ _____197.49_____

2. Amount of installment payments due

   | | | | From Date mm/dd/yyyy | To Date mm/dd/yyyy |
   |---|---|---|---|---|
   | Amount for First Payment Default _____ installment(s) @ _____ | _____ | | | |
   | Amount for Partial Regular Monthly Installment _____ installment(s) @ _____ | _____ | | | |
   | Amount for Ongoing Regular Monthly Installment(s) Due 2 installment(s) @ $ 197.49 | $ 394.98 | | 3/22/2014 to | 5/3/2014 |
   | Amount for After Maturity Payoff Balance _____ installment(s) @ _____ | _____ | | | |
   | Amount of Increase Due to Creditor Placed Insurance _____ installment(s) @ _____ | _____ | | | |
   | Amount of Increase Due to Creditor Placed Insurance _____ installment(s) @ _____ | _____ | | | |

   *__**Effective__   __5/3/2014__      the ongoing monthly payment is:        $197.49*

   Total installment payments due as of
   the petition date                            $    394.98          Copy total here  $    394.98

   Add total prepetition fees, expenses, and charges        **Copy total from
   Part 2 here**  $    20.00

   **NOTE: Not all amounts listed in Total from Part 3 are considered past due,
   and Total copied into Part 3 has been adjusted to only include the amounts
   allowable for arrearage(s) as of the Petition Date**

   Subtract total of unapplied funds (funds received but not
   credited to account)                                              $        -

   Subtract amounts for which debtor is entitled to a refund        $        -

   Total amount necessary to cure default as of the petition date        $    414.98

# LOAN AGREEMENT AND DISCLOSURE STATEMENT

| DATE 09/13/13 | ACCOUNT NUMBER | TYPE OF LOAN (Alpha) R.00 | DATE FINANCE CHARGE BEGINS TO ACCRUE 09/13/13 |
|---|---|---|---|

| LENDER/SECURED PARTY NAME AND ADDRESS ("Lender") | BORROWER(S) NAME AND ADDRESS ("I","We") |
|---|---|
| SPRINGLEAF FINANCIAL SERVICES, INC.<br>8395 TOPANGA CANYON BLVD<br>CANOGA PARK, CA 91304-2343          818-340-9590<br><br>License No. 6033749 | NEDRA SNEED<br>20220 SORRENTO LN 304<br>NORTHRIDGE, CA 91326 |

I have carefully read this entire Loan Agreement And Disclosure Statement and all related documents which include the Insurance Disclosure Summary, Truth In Lending Insurance Disclosures and Personal Property Appraisal Form (provided separately if applicable), all of which collectively constitute the "Agreement." This Loan Agreement and Disclosure Statement is divided into four sections: **A. Truth in Lending Disclosures; B. Loan Terms And Conditions; C. Arbitration Agreement And Waiver Of Jury Trial and D. Entire Agreement/Notices/Signature.** If I had any questions, I asked them before I signed these documents. By signing, I indicate my agreement to the statements, promises, terms, and conditions contained in the Agreement.

## A. TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost me. | AMOUNT FINANCED<br>The amount of credit provided to me or on my behalf. | TOTAL OF PAYMENTS<br>The amount I will have paid after I have made all payments as scheduled. |
|---|---|---|---|
| 34.47% | $    2877.73 | $    4463.14 | $    7340.87 |

| My Payment Schedule will be: | Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|---|
| | 1 | $ 231.23 | 10/21/13 |
| | 36 | $ 197.49 | monthly beginning 11/21/13 |

LATE CHARGE: ☐ If any payment is not paid in full within ____ days after its due date, I will be charged _____ % of the _____ amount of the payment, but not more than $_____ or less than $_____.

☒ If any payment is not paid in full within  10  days after its due date, I will be charged $ 10.00 if the entire scheduled payment exceeds $ 0 ____ or $ 10.00 if the entire scheduled payment is $ 0 ____ or less.

PREPAYMENT: If I pay off early: ☐ I may   ☒ I will not   have to pay a penalty or minimum charge.
                                ☐ I may   ☒ I will not   get a refund or credit of part of the finance charge.

SECURITY: I am giving Lender a security interest in:   ☐ Other Collateral   ☐ Motor Vehicles

| | Year | Make | Model | Vehicle Identification No. |
|---|---|---|---|---|

☒ Household items described on the Personal Property Appraisal Form, which I have signed and which has been delivered to me with this Agreement.

See the remainder of this Agreement for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties, if any.

## ITEMIZATION OF AMOUNT FINANCED

Amounts paid to others on my behalf

| | | | | |
|---|---|---|---|---|
| 1. $ | 60.25 | Single Life Premium | Paid To LIFE INSURANCE COMPANY * | |
| 2. $ | 401.89 | IUI Premium | Paid To INVOLUNTARY UNEMPLOYMENT INS. CO. * | |
| 3. $NONE | | | Paid To | |
| 4. $NONE | | | Paid To | |
| 5. $NONE | | | Paid To | |
| 6. $NONE | | | Paid To | |
| 7. $NONE | | | Paid To | |
| 8. $NONE | | | Paid To | |
| 9. $NONE | | | Paid To | |
| 10. $NONE | | | Paid To | |
| 11. $ | | Paid To | | |
| 12. $ | | Paid To | | * Lender may retain a |
| 13. $ | | Paid To | | portion of these |
| 14. $ | | Paid To | | amounts. |
| 15. $ | | Paid To | | |
| 16. $ | | Paid To | | |
| 17. $ | | Paid To | | |
| 18. $ | | Paid To | | |
| 19. $ | | Paid To | | |
| 20. $ | | Paid To | | |
| 21. $ | 3304.12 | Amount Paid on Prior Account with Lender | | |

Amounts Paid to me

| | | | |
|---|---|---|---|
| 22. $ | 696.88 | Paid To NEDRA SNEED | |
| 23. $ | | Paid To | |
| 24. $ | | Paid To | |
| 25. $ | | Paid To | |
| 26. $ | | Paid To | |
| 27. $ | | Paid To | |
| $ | 4463.14 | Amount Financed (Sum of lines 1 - 27) | |
| $NONE | | Prepaid Finance Charges (itemized below) | |

## PREPAID FINANCE CHARGES

| | | |
|---|---|---|
| 1. $NONE | | Paid To |
| 2. $NONE | | Paid To |
| 3. $NONE | | Paid To |
| 4. $NONE | | Paid To |
| 5. $NONE | | Paid To |
| 6. $NONE | | Paid To |
| 7. $NONE | | Paid To |
| 8. $NONE | | Paid To |

## THIS AGREEMENT IS SUBJECT TO THE FEDERAL ARBITRATION ACT.

By signing below, I acknowledge receipt of a copy of this Federal Disclosure Statement.

_____          _____
Borrower                            Co-Borrower

**SEE ADDITIONAL PAGES FOR IMPORTANT INFORMATION**

UX A A 21 (01-13-13) C.E. Agreement          Page 1

**DATE OF LOAN.** 09/13/13 (the date the Finance Charge is scheduled to begin to accrue).

**CONTRACT RATE.** _____ 34.49% per year, which is the agreed interest rate.

**PROMISE TO PAY.** For value received, I promise to pay to the order of the Lender all amounts due under this Agreement in accordance with the Payment Schedule set forth in the TRUTH IN LENDING DISCLOSURES, and with all other terms of this Agreement, at Lender's address set forth in this Agreement, unless otherwise notified, until paid in full.

**SECURITY INTEREST.** To secure all amounts due or which become due under this Agreement and my performance of all other terms of this Agreement, I hereby grant Lender a security interest under the Uniform Commercial Code or other applicable law in: (a) the property identified in the "Security" disclosure of the TRUTH IN LENDING DISCLOSURES, including a purchase money security interest if property is being purchased with the proceeds hereof; (b) any substitutions or replacements of that property; and (c) the proceeds and products of that property ((a), (b), and (c) collectively referred to as the "Collateral"). I also hereby grant Lender a security interest in any unearned premiums from any credit insurance I have elected and purchased through Lender in connection with this transaction and any Required Insurance which protects the Collateral. Lender's security interest shall remain in effect, and subject to any modifications, renewals, extensions, and future advances thereof, until I have paid in full all amounts due under this Agreement. Notwithstanding any other provision of this Agreement, Lender is not granted, and will not have, a non-purchase money security interest in household goods, to the extent such a security interest would be prohibited by applicable law. I authorize Lender to sign and file financing statements covering the Collateral without my signature. I authorize Lender to file a copy of this Agreement as a financing statement when appropriate.

**JOINT BORROWERS.** If more than one Borrower is named above, all Borrowers agree that we are jointly and severally liable and that Lender may enforce this Agreement against all or any of us, but not in a combined amount exceeding the amount due.

**CO-MAKERS (also referred to as CO-SIGNER(S)).** If I am signing this Agreement as a Co-Maker, I understand that I am equally responsible with the Borrower(s). I agree that Lender may pursue me or any Co-Maker if this Agreement is in default. Unless required by law, Lender will not notify me if: (a) this loan is in default; (b) Lender agrees to accept different payment terms; (c) Lender releases any security interest; or (d) Lender releases any Borrower(s) or Co-Maker(s).

**CREDIT INFORMATION.** I authorize Lender to investigate my creditworthiness, and to obtain my credit report at any time, as permitted by law.

**VOLUNTARY CREDIT INSURANCE/GROUP DEBTOR INSURANCE.** As used in this Agreement, the term "credit insurance" includes credit life insurance, credit disability insurance, credit involuntary unemployment insurance, and the term "credit life insurance" includes group debtor life insurance, where offered. Lender's affiliate may provide the credit insurance that I voluntarily select. Lender and/or its affiliates expect to profit from my purchase of voluntary credit insurance and I consent to this.

**REQUIRED INSURANCE.** I am required to maintain insurance in types, amounts, terms and deductible levels acceptable to Lender ("Required Insurance"). The Required Insurance must keep the Collateral insured against hazards for which Lender requires insurance. Such coverage includes, but is not limited to, loss by theft, vandalism, collision, fire, and any other risks of loss that would either impair Lender's interest in the Collateral or adversely affect the value of the Collateral. I have the option of providing the Required Insurance through an existing policy of insurance owned or controlled by me, or through a policy obtained and paid for by me. I may purchase this Required Insurance through any insurer, insurance agent, or broker of my choice that is acceptable to Lender. Lender may not decline to accept any insurance provided by me unless it is for reasonable cause. Examples of reasonable cause include, but are not limited to, the financial condition of the insurer and the amount or type of coverage chosen. My choice of insurer will not otherwise affect Lender's credit decision or my credit terms. The types, amounts, and deductible levels that Lender requires under this Agreement may change during the term of the Agreement. Required Insurance must: (a) include a lender's loss payable provision; (b) name Lender, its successors and/or assigns, as loss payee; (c) provide that such insurance will not be canceled or modified without at least fifteen (15) days prior written notice to the loss payee; and (d) not include any disclaimer of the insurer's liability for failure to give such notice. I shall promptly give to Lender satisfactory proof (in Lender's reasonable estimation) of all Required Insurance and all receipts of paid premiums and renewal notices.

I agree to keep my Required Insurance in force until all amounts that I owe Lender under this Agreement or the security instrument are paid in full, my account is terminated, and Lender releases or discharges its security interest. In case of damage to or loss of the Collateral, I agree to give prompt notice to Lender and the insurance carrier. If I fail to promptly notify or make proof of loss to the insurance carrier, Lender may (but is not required to) do so on my behalf.

If I do not keep Required Insurance under this Agreement in force at all times Lender may, but is not required to, in Lender's sole discretion, and at my expense, obtain insurance coverage to protect Lender's interest in the Collateral. I understand and agree that:

A. Lender is under no obligation to obtain any particular type or amount of coverage.

B. Lender-obtained insurance may, but need not, protect my interests.

C. Lender-obtained insurance may, but need not, pay any claim I make.

D. the cost of Lender-obtained insurance may be much more than the cost of insurance I could have obtained on my own.

E. any amounts disbursed by Lender under this Section to obtain insurance shall become additional debt of mine under this Agreement, secured by this Agreement or the Security Instrument. This additional debt will bear interest at the Contract Rate from the date of placement and will be payable, with such interest, upon notice from Lender to me requesting payment.

F. I am hereby authorizing Lender to release to, or obtain from, third parties any information necessary to monitor the status of Required Insurance.

G. Lender-obtained insurance may be purchased from an affiliate of Lender.

H. Lender, or its affiliate, may earn a profit by obtaining this insurance, to the extent permitted by applicable law.

I. Lender may, at any time and at its sole option, cancel Lender-obtained insurance.

J. Lender has a security interest in any unearned premiums from such insurance;

   1. I am hereby absolutely assigning to Lender any rights I may have to unearned Lender-obtained insurance premiums; and

   2. I am hereby authorizing and appointing Lender to be my attorney-in-fact for the purpose of cancelling the Lender-obtained insurance and applying the unearned premiums to reduce the account balance upon cancellation of said insurance.

**ASSIGNMENT OF UNEARNED INSURANCE PREMIUMS AND POLICY PROCEEDS.** Where allowed by law, I hereby absolutely assign to Lender my rights to any Required Insurance proceeds, and any unearned Required Insurance or credit insurance premium refunds, and any other rights under policies covering the Collateral up to, but not in excess of the Total Balance due under this Agreement or security instrument. I agree that Lender may use any insurance proceeds, and any unearned Required Insurance or credit insurance premium refunds, to reduce the amounts that I owe under this Agreement or the security instrument, whether or not they are due. I authorize Lender to adjust my losses and sign my name to any check, draft, or other papers necessary to obtain such insurance payments. If insurance proceeds or unearned premium refunds paid to Lender do not satisfy all amounts that I owe Lender under this Agreement or the security instrument, I remain responsible for payment of the balance of any amounts due under this Agreement and the security instrument.

**CORRECTION; RELEASE.** During the term of this Agreement, I agree to cooperate with Lender to: (a) correct any clerical errors that were made in connection with loan documents; (b) obtain the correct amounts due to others; and (c) release, or cause to be released, all liens upon payment in full.

**SEE ADDITIONAL PAGES FOR IMPORTANT INFORMATION**



reasonably believes that: (a) there are material facts that I did not present in connection with my credit application; (b) there is a material, adverse change in my creditworthiness; (c) there are additional liens on the right, title, or interest of any Collateral to be used for this loan; or (d) a sale or transfer of any right, title or interest in any Collateral to be used for this loan has or will occur that is not agreed to by Lender.

**SEVERABILITY.** Other than the class action waiver described in subsection G of section C. ARBITRATION AGREEMENT AND WAIVER OF JURY TRIAL, the fact that any provision of this Agreement may prove invalid or unenforceable under any law, rule, or regulation of any federal, state, or local court or governmental entity shall not affect the validity or enforceability of the remaining provisions of this Agreement.

**NO ASSUMPTION.** This Agreement shall not be eligible for assumption by any third party without the express written consent of Lender.

**DEFAULT.** Except as prohibited by law or as limited by other provisions of this Agreement, I will be in default of this Agreement if any one or more of the following occurs:

A.  I fail to make any payment, including, but not limited to the Total Amount Due, under this Agreement when due.
B.  I fail to do anything else I have agreed to do in this Agreement.
C.  Any statement or representation I made in my credit application is untrue or incorrect.
D.  I fail to provide Lender with proof of employment, residence, Required Insurance, or repair to credit history within three (3) business days after Lender's written request for this information.
E.  I die, become incompetent, generally fail to pay my debts as they become due, or become the subject of a voluntary or involuntary bankruptcy proceeding.
F.  Any judgment, levy, attachment, writ of garnishment, or other similar order is entered against me or the Collateral.
G.  Any police or governmental agency seizes or impounds the Collateral or starts forfeiture proceedings against the Collateral.
H.  If I relocate to another state without giving written notice at least 30 days before relocating.
I.  I sell, lease or otherwise encumber or dispose of the Collateral without Lender's written permission.
J.  Any other event or circumstance occurs that reasonably causes Lender to deem itself insecure or to believe that Lender's prospects for payment or realization upon the Collateral are impaired, unless prohibited by state law.

**(For Kansas residents only:** Lender believes the foregoing events B. through J. would significantly impair the prospect of payment, performance, or realization of collateral. The burden of establishing the prospect of such significant impairment is on the Lender.)

**GENERAL REMEDIES.** If I am in default of this Agreement, Lender has, subject to any requirements of notice or right to cure or similar provisions, all of the remedies permitted by law and this Agreement, including:

A.  Lender may require me to pay Lender immediately, subject to any rebates required by law, the remaining unpaid balance of the Amount Financed, finance charges, and all other agreed charges. These amounts will accrue interest from the date I am required to pay Lender at the Contract Rate or lesser rate as required by applicable law, until paid in full.
B.  Lender may pay taxes, assessments, or other liens, or make repairs to the Collateral if I have not done so, but Lender is not required to do so. Upon payment by Lender, these amounts will be due immediately and will accrue finance charges at the Contract Rate from the date paid until repaid in full to Lender.
C.  Lender may require me to make the Collateral available to Lender at a place Lender designates that is reasonably convenient to Lender and me.
D.  Lender may immediately immobilize, disable, or take possession of the Collateral by legal process or self help, but in doing so Lender may not breach the peace or unlawfully enter onto my premises. Lender may then sell the Collateral and apply what Lender receives, as provided by law, to Lender's actual and reasonable expenses before all other amounts due hereunder.
E.  Except when prohibited by law, I am responsible for any deficiency if the proceeds from the sale of the Collateral do not cover what I owe Lender, and Lender may sue me for those additional amounts.
F.  Lender has the right, but not the obligation, to cancel or request termination of any voluntary credit insurance in the event of default and I hereby appoint Lender as my attorney-in-fact to cancel any such insurance in the event of default, subject to any applicable restrictions under state law. Return of any unearned premium as a result of such request for termination or cancellation will be credited to my loan account.
G.  Lender may accept late payments or partial payments even though marked "Payment in Full" (or similar language) without losing any of its rights under this Agreement, to the extent permitted by law.

By choosing one or more of these remedies, Lender does not waive its right later to elect another remedy. By deciding not to use any remedy, Lender does not give up its right to consider it an event of default if it happens again. Lender's rights hereunder are cumulative, not exclusive.

I agree that, if any notice is required to be given to me of an intended sale or transfer of the Collateral, notice is reasonable if mailed to my last known address, as reflected in Lender's records, at least ten (10) days before the date of the intended sale or transfer, or such other period of time as is required by law.

I agree that, subject to my right to recover such property, Lender may take possession of personal property left in or on the Collateral taken into possession as provided above.

**DELAY IN ENFORCEMENT.** Lender may delay enforcing any of its rights under this Agreement without losing them.

**NOTICES.** If required by law, Lender will provide me with notices under this Agreement which, if mailed, shall be sent to my last known address as reflected in Lender's records, including, but not limited to, notices of default, right to cure, and purchase of Required Insurance.

**WAIVER.** Unless law or this Agreement provide otherwise, I hereby waive presentment, notice and protest, and all other demands and notices in connection with the delivery, acceptance, performance, default or endorsement of this Agreement and all suretyship defenses generally to the extent permitted by applicable law.

**SAVINGS CLAUSE.** All agreements between me and Lender are expressly limited so that any interest, finance charges, loan charges, or other fees collected or to be collected from me or any person executing this Agreement shall not exceed, in the aggregate, the highest amount allowed by applicable law. If a law that applies to this Agreement and my loan is finally interpreted so that the interest, finance charges, loan charges, or other fees collected, or to be collected, in connection with this loan exceed the permitted limits, then: (a) any such interest, finance charges, loan charges, or other fees shall be reduced to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded. Lender may choose to make this refund by reducing the Principal, as defined below, that I owe under this Agreement or making a direct payment to me. To the extent permitted by law, my acceptance of any such refund shall constitute a waiver of any right of action I might have arising out of such overcharge.

> The following notice applies if the proceeds of this loan will be applied in whole or substantial part to a purchase of goods from a seller who either refers consumers to the Lender or who is affiliated with the Lender by common control, contract, or business arrangement:
> **NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**SEE ADDITIONAL PAGES FOR IMPORTANT INFORMATION**



**INTEREST BEARING LOAN.** I agree to pay interest ("interest", "Principal", "interest" or "finance charges") on the daily unpaid Principal balance computed at the Contract Rate, in the Payment amounts shown in the TRUTH IN LENDING DISCLOSURES on page 1 hereof, plus all other fees, charges, and other amounts due under this Agreement, at Lender's address set forth in this Agreement, unless otherwise notified, until paid in full. All payments will be applied in the following order to: (a) other charges provided for in this Agreement or otherwise allowed by law, and late charges; (b) any past due Payment(s); and (c) any currently due Payments. When applying payments to past and currently due Payments, monies will be applied on a payment by payment basis, in ascending date order, first to accrued interest, then to unpaid Principal. Because interest on my loan is earned daily, early payments will decrease the amount I owe, and late payments will increase that amount. The Payment Schedule assumes that I will make each payment on the day it is due; therefore, my final payment will be adjusted as appropriate to reflect any variation in the actual dates my payments are received by the Lender. If any unpaid amounts remain due to Lender after my final scheduled payment due date, I agree to pay interest on these unpaid amounts, computed at the Contract Rate, until paid in full, to the extent permitted by applicable law.

**PRINCIPAL.** Principal is the total of the Amount Financed, plus any Prepaid Finance Charges that I have financed.

**PREPAYMENT.** I may prepay all or any part of my loan at any time. The Prepaid Finance Charges are deemed by the parties to be fully earned on the Date of Loan and are not refundable, to the extent permitted by applicable law. If this loan is for less than $2,500 and is prepaid in full before the third scheduled payment due date, interest shall be recomputed as required by Financial Code § 22308. For loans up to $2,500, daily finance charges shall be computed as allowed by Financial Code § 22308.

**LATE CHARGE.** I agree to pay any late charge described in the TRUTH IN LENDING DISCLOSURES herein.

**DISHONORED CHECK CHARGE.** If my check or other instrument given to Lender is returned unpaid for any reason, I agree to pay a dishonored check charge of $15.00.

**PAYOFF DEMAND STATEMENTS AND BENEFICIARY STATEMENTS.** I agree to pay the fees for payoff demand statements and beneficiary statements allowed by Civil Code § 2943.

**DEFAULT COSTS.** In the event of default, for loans with an original Principal of $5,000 or more, I agree to pay Lender's (a) court costs, (b) reasonable attorney's fees, and (c) costs to realize on any security interest (including foreclosures and repossessions), each if and to the extent permitted by applicable law. For loans with an original Principal less than $5,000 secured by a motor vehicle, I agree to pay the amount specified in Financial Code § 22202(f) paid in connection with the repossession of a motor vehicle to a repossession agency licensed pursuant to Chapter 11 of Division 3 of the Business and Professions Code, and actual fees in conformity with §§ 26751 and 41612 of the Government Code in an amount not exceeding the amount specified in those sections of the Government Code.

**SATISFACTION OF JUDGMENT - SPOUSE'S PROPERTY.** The separate property of any married Borrower or Co-Maker who signs below shall be available to satisfy any judgment obtained on this loan.

**PURPOSE OF LOAN.** This loan is primarily made for personal, family, or household purposes.

Disclosures required by Civil Code, § 1785.26: As required by law, you are notified that Lender will submit a negative credit report reflecting on your credit record to credit reporting agencies, if you fail to meet the terms of this loan.

---

Disclosures required by Finance Code, § 22337.

"If Involuntary Unemployment Insurance is applied for, refer to the Involuntary Unemployment Insurance Certificate of Insurance for the term of the coverage, the conditions of coverage, the benefits to be paid, and the exclusions from coverage."

[X] If checked, no person has performed services as a broker in connection with this loan.

[ ] If checked, _____

holding a license identified as [ ] Consumer Finance Lender License No. 6033749
[ ] Real Estate Broker License No. _____,

has performed services as a broker in connection with this loan and the following fees have been paid or are payable to the broker for services in connection with this loan.      Fees paid or payable by me $_____

Fees paid or payable by Lender $_____

| | | | |
|---|---|---|---|
| _Signature_ | 9-13-13 | | |
| Borrower Signature | Date | Co-Borrower Signature | Date |

**GOVERNING LAW.** This Agreement shall be governed by the California Finance Lenders Law, Division 9 (commencing with Section 22000) of the Finance Code and the rules issued thereunder. The provisions of California Code of Civil Procedure § 1283.05 regarding the right to discovery shall apply to any arbitration proceedings hereunder.



**DESCRIPTION OF ARBITRATION.** Arbitration is a method of resolving disputes between parties without having to file a lawsuit in court. It is a process in which both sides present their case to a neutral third person--the arbitrator--instead of a judge or jury, to resolve the dispute. **UNDER THIS AGREEMENT, BOTH LENDER AND I ARE VOLUNTARILY WAIVING ANY RIGHT TO A JURY TRIAL OR JUDGE TRIAL OF ALL CLAIMS AND DISPUTES COVERED BY THIS ARBITRATION AGREEMENT AND WAIVER OF JURY TRIAL ("this Arbitration Agreement") TO THE FULLEST EXTENT PERMITTED BY LAW.**

**CLAIMS AND DISPUTES COVERED.** Except for those claims mentioned below under the heading "MATTERS NOT COVERED BY ARBITRATION," Lender and I agree that either party may elect to resolve all claims and disputes between us ("Covered Claims") by BINDING ARBITRATION. This includes, but is not limited to, all claims and disputes arising out of, in connection with, or relating to:

This Agreement with Lender; any previous retail credit agreement ("Retail Contract") assigned to Lender and any previous loan from or assigned to Lender, whether any of the foregoing may be open-end or closed-end; all documents, promotions, advertising, actions, or omissions relating to this or any previous loan or Retail Contract made by or assigned to Lender; any insurance product, service contract, membership plan or warranty purchased in connection with this or any previous loan or Retail Contract made by or assigned to Lender; any product or service offered to Lender's customers with any assistance or involvement by Lender; whether the claim or dispute must be arbitrated; the validity and enforceability of this Arbitration Agreement (except as expressly set forth in subsection G. below) and the Agreement, my understanding of them, or any defenses as to the validity and enforceability of this Arbitration Agreement and the Agreement; any negotiations between Lender and me; the closing, servicing, collecting, or enforcement of any transaction covered by this Arbitration Agreement; any allegation of fraud or misrepresentation; any claim based on or arising under any federal, state, or local law, statute, regulation, ordinance, or rule; any claim based on state or federal property laws; any claim based on the improper disclosure of any information protected under state or federal consumer privacy laws; any claim or dispute based on any alleged tort (wrong), including intentional torts; any claim for damages or attorneys' fees; and any claim for injunctive, declaratory, or equitable relief.

**COVERED CLAIMS AGAINST THIRD PARTIES.** This Arbitration Agreement also covers any claim or dispute between me and any of Lender's employees, officers, agents, or directors; any of its affiliate corporations, any entities which provided insurance in connection with this or any previous transactions between me and Lender; any third parties that assigned Retail Contracts or other agreements to Lender; any third party that provides me any product or service which I purchased with the assistance or involvement of Lender; and any of the employees, officers, agents, or directors of such affiliates or third parties. Affiliate corporations are Lender's parent corporations, subsidiary corporations, and sister corporations. Some of Lender's affiliates are Springleaf Consumer Loan, Inc., iLoan, Springleaf Home Equity, Inc., Springleaf Financial Services, Inc., Merit Life Insurance Co., and Yosemite Insurance Company. In addition, if Lender becomes a party in any lawsuit that I have with any third party, whether through intervention by Lender or by motion made by me or any third party, all claims in that lawsuit between me and the third party will be subject to binding arbitration under this Arbitration Agreement, provided that the third party is required to agree to resolve such claims by arbitration.

**MATTERS NOT COVERED BY ARBITRATION.** I agree that Lender does not have to initiate arbitration before exercising lawful self-help remedies or judicial remedies of garnishment, repossession, replevin or foreclosure, but instead may proceed in court for those judicial remedies. I may assert in court any defenses I may have to Lender's claims in such a lawsuit, but any claim or counterclaim for rescission or damages I may have arising out of, relating to, or in connection with Lender's exercise of those remedies must be arbitrated. Instead of pursuing arbitration, either Lender or I also have the option to bring a lawsuit in court to seek to recover the monetary jurisdictional limit of a small claims or equivalent court in my state (including costs and attorneys' fees), provided that no relief other than such recovery is requested in such lawsuit (an "Excluded Damages Lawsuit"). If an Excluded Damages Lawsuit is filed, the other party cannot require that the claims in that lawsuit be arbitrated. An Excluded Damages Lawsuit can be brought to recover money for myself or Lender only, not for any class or group of persons having similar claims. If such an Excluded Damages Lawsuit is filed by me or Lender, and any party to that lawsuit files an amendment, counterclaim, cross-claim, or third-party claim seeking to recover more than my state's small claims or equivalent court's monetary jurisdictional limit, then that claim, counterclaim, cross-claim, or third-party claim must be arbitrated in accordance with the procedures set forth in this Arbitration Agreement. Neither I nor Lender shall be deemed to have waived any arbitration rights by the fact of having exercised any self-help or judicial remedies of garnishment, repossession, replevin or foreclosure or by having filed in court an Excluded Damages Lawsuit.

**ARBITRATION RULES AND PROCEDURES.**

**A. ARBITRATION FORUM AND RULES.** The arbitration will be conducted under the rules and procedures of the American Arbitration Association ("AAA") in effect at the time arbitration is started and under the rules set forth in this Arbitration Agreement. At my request, Lender will provide me a copy of the AAA Consumer Arbitration Rules and Mediation Procedures (including Procedures for Large, Complex Commercial Disputes) ("Rules"). I may also obtain a copy of those Rules by calling AAA at 1-800-778-7879 or by reviewing AAA's web-site at http://www.adr.org. In the event that AAA is either unable, unwilling, or deemed not appropriate by a court to resolve a Covered Claim, or I object to the AAA for good cause, then Lender and I agree to submit all disputes to Judicial Arbitration and Mediation Services, Inc. ("JAMS") for proceedings conducted pursuant to JAMS' Comprehensive Arbitration Rules. If there is a conflict between the rules of the AAA (or JAMS) and this Arbitration Agreement, this Arbitration Agreement will govern. If both of the designated arbitration forums cannot or will not administer the arbitration and the Lender and I cannot reach an agreement on a substitute, it remains Lender's and my intent that Covered Claims be arbitrated and that a court appoint an arbitrator pursuant to 9 U.S.C. § 5. Any court-appointed arbitrator must be an actively-licensed attorney or retired judge who has been in good standing with the bar for at least ten years.

**B. SELECTION OF ARBITRATOR.** AAA (or JAMS) maintains lists of approved arbitrators. AAA (or JAMS) will provide Lender and me each a list of seven possible arbitrators. Lender and I will each have an opportunity to strike three persons from that list. I will make the first strike, and Lender and I will alternate in making strikes after that. After the last strike, the remaining person shall then serve as arbitrator.

**C. STARTING ARBITRATION.** If Lender or I elect to arbitrate a Covered Claim, the electing party must notify the other party in writing. This notice can be given after the beginning of a lawsuit and can be given by way of a motion or other papers filed in the lawsuit. Otherwise, my notice must be sent to Lender at the address shown for Lender in this Agreement, unless I have received notice of a new address for Lender. Except as described below, nothing in this Arbitration Agreement shall limit the arbitrator's ability to enforce any of my rights or impose any remedies available to me under any applicable consumer protection laws or regulations. To start an arbitration, Lender and I agree to follow the rules of the applicable arbitration forum.

**D. COSTS OF ARBITRATION.** The AAA (or JAMS) charges certain fees in connection with arbitration proceedings. Except in Texas, I may have to bear some of these fees; however, if I am not able to pay such fees or think they are too high, Lender will consider any reasonable request to bear the cost. Lender will also bear any costs Lender is required to bear by law or by the terms of any other agreement with me. To the extent permitted by law, each party will also pay for its own costs, including fees for attorneys, experts, and witnesses, unless otherwise provided by the terms of any other agreement between the parties.

**E. CONDUCT OF PROCEEDINGS.** The arbitrator shall be bound by the Federal Rules of Evidence; however, the federal or any state rules of procedure or discovery shall not bind the arbitrator. The arbitrator's findings, reasoning, decision and award shall be set forth in writing and shall be based upon and be consistent with the law of the jurisdiction that applies to the loan or other agreement between Lender and me. The arbitrator must abide by all applicable laws protecting the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges.

**F. ENFORCEMENT AND APPEAL OF DECISION.** The decision and judgment of the arbitrator shall be final, binding and enforceable in any court having jurisdiction over the parties and the dispute; however, for Covered Claims resulting in an award of $100,000 or more (including costs and attorneys' fees), any party may appeal the award, at its own cost, except as provided by law, to a three-arbitrator panel appointed by the AAA (or JAMS). That panel will reconsider from the start any aspect of the initial award that either party asserts was incorrectly decided. The decision of the panel shall be by majority vote and shall be final and binding, except as provided below. The arbitrator's (or panel's) findings, decision and award shall be subject to judicial review on the grounds set forth in 9 U.S.C. § 10, as well as on the grounds that the findings, decision and award are manifestly inconsistent with the terms of this Arbitration Agreement and any applicable laws or rules.

**G. LIMITATION OF PROCEEDINGS.** Lender and I further agree that the arbitrator will be restricted to resolving only the claims, disputes or controversies between Lender and me and the other parties covered by this particular Agreement (and not by similar agreements). Arbitration is not available and shall not be conducted on a class-wide basis or consolidated with other claims or demands of other persons. I agree not to participate in a representative capacity or as a member of any class of claimants pertaining to any Covered Claim. To the extent that this class action waiver provision is found to be unenforceable, then the entirety of this Arbitration Agreement shall be null and void. The determination of the validity of the enforceability of this class action waiver is to be made by the court and not the arbitrator.



**H. LIMITATION OF ARBITRATOR'S AUTHORITY.** The arbitrator may award punitive damages only under circumstances where a court of competent jurisdiction could award such damages. In awarding any punitive damages, the arbitrator must abide by all applicable state and federal laws regarding the amount of such damages, and the arbitrator must state the precise amount of the punitive damages award. The arbitrator must also conduct a post-award review of any punitive damages, allowing the parties the same procedural rights and using the same standards and guidelines that would apply in a judicial proceeding in the state where the arbitration is conducted. The arbitrator may award injunctive relief that would benefit either Lender or me in connection with resolving a Covered Claim between Lender and me, but the arbitrator may not award injunctive relief for the benefit of other persons or groups of persons who are not named parties to the arbitration proceeding.

**I. LOCATION OF THE ARBITRATION.** The arbitration will take place in the county where I live unless Lender and I agree to another location. If Lender and I agree, all or a portion of the arbitration proceedings can be conducted by telephone conference.

**J. FORUM SELECTION CLAUSE.** If either Lender or I need to file a lawsuit to enforce this Arbitration Agreement or to pursue claims that either may or may not be arbitrable under this Arbitration Agreement, the exclusive venue for that suit will be a state court located in the county in which Lender's address set forth above is located or where I sign this Arbitration Agreement, or in the federal court covering that county, unless the governing law requires suit to be filed in another location.

**K. ENFORCEMENT IN COURT.** Nothing in this Arbitration Agreement shall prevent either Lender or me from enforcing all rights under this Arbitration Agreement if a Covered Claim is filed in court.

**OTHER IMPORTANT AGREEMENTS.** Lender and I agree:

A. This Arbitration Agreement does not affect any applicable statute of limitations or repose or any claims of privilege recognized at law in the jurisdiction that applies to the loan, the Agreement or any other agreement between Lender and me, which an arbitrator is bound to apply.
B. The loan and insurance transactions between Lender and me and other applicable parties are transactions involving interstate commerce, using funds and other resources from outside the state.
C. The Federal Arbitration Act applies to and governs this Arbitration Agreement. State arbitration laws and procedures shall not apply to this Arbitration Agreement.
D. This Arbitration Agreement applies to and runs to the benefit of Lender's and my assigns, successors, executors, heirs, and/or representatives.
E. If any term of this Arbitration Agreement, other than the class action waiver described in subsection G. above, is unenforceable, the remaining terms are severable and enforceable to the fullest extent permitted by law.
F. This Arbitration Agreement supersedes any prior arbitration agreement that may exist between Lender and me and can only be modified in writing signed by the parties.
G. This Arbitration Agreement applies even if my loan has been cancelled, changed, modified, refinanced, paid in full, charged off, or discharged or modified in bankruptcy.

I AGREE TO READ THIS ARBITRATION AGREEMENT CAREFULLY, BECAUSE IT LIMITS CERTAIN OF MY RIGHTS, TO THE EXTENT PERMITTED BY LAW, INCLUDING MY RIGHTS TO BRING A COURT ACTION, TO HAVE A TRIAL BY JURY, AND TO PARTICIPATE IN A CLASS ACTION OR CLASS ARBITRATION. BY SIGNING THIS AGREEMENT, I ACKNOWLEDGE THAT I HAVE READ AND RECEIVED A COPY OF THIS ARBITRATION AGREEMENT AND AGREE TO BE BOUND BY ALL OF ITS TERMS.

UXARB1 (07-15-12)

---

### D. ENTIRE AGREEMENT/NOTICES/SIGNATURE

**ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties with regard to the subject matter hereof, and no party hereto has relied upon any representations except such as are specifically set forth herein. This Agreement cannot be modified in any respect except by an amendment in writing signed by the parties. All notices under this Agreement shall be in writing and directed to the parties at the addresses shown at the beginning of this Agreement or to such other address as a party may specify by notice given in accordance with this paragraph.

BY SIGNING BELOW, I SIGNIFY THAT I HAVE READ, UNDERSTOOD, AND AGREED TO THE TERMS AND CONDITIONS OF THIS AGREEMENT, INCLUDING THE ARBITRATION AGREEMENT THAT PROVIDES, AMONG OTHER THINGS, THAT EITHER LENDER OR I MAY REQUIRE THAT CERTAIN DISPUTES BETWEEN US BE SUBMITTED TO BINDING ARBITRATION. IF LENDER OR I ELECT TO USE ARBITRATION, WE AGREE THAT WE WILL HAVE THEREBY WAIVED OUR RIGHTS TO TRIAL BY JURY OR JUDGE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, THAT THE DISPUTE WILL BE DECIDED BY AN ARBITRATOR, AND THAT THE DECISION OF THE ARBITRATOR WILL BE FINAL. ARBITRATION WILL BE CONDUCTED PURSUANT TO THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION, EXCEPT AS OTHERWISE PROVIDED IN THE ARBITRATION AGREEMENT.

UXARB2 (07-15-12)

I agree that, on or before the date on page 1 hereof ("the Date of Agreement"), I have received and read a fully completed, legible copy of all of the documents comprising this Agreement, California Insurance Notice (if applicable), Credit Score Notice (if applicable) and the Privacy Notice and agree to be bound thereby.

X _____
  Witness

X _____                    X _____ L.S.
  Witness                                             Borrower    NEDRA SNEED

X _____                    X _____ L.S.
  Witness                                             Co-Borrower

X _____ L.S.               X _____ L.S.
  Co-Maker                                            Co-Maker

  Print Name: _____                   Print Name: _____

**FOR INFORMATION, CONTACT THE DEPARTMENT OF BUSINESS OVERSIGHT, STATE OF CALIFORNIA.**

CAAF21  (08-25-13) C.E. Agreement                    Page 6

Borrowers Name    Account Number

SPRINGLEAF FINANCIAL SERVICES, INC.

## PERSONAL PROPERTY APPRAISAL FORM

(These are the only acceptable items to be used as personal property security. **DO NOT USE ANY OTHER ITEMS**). Business Property or Equipment cannot be included as security.

### SCHEDULE A

| ITEM | SIZE/MODEL | VALUE |
|---|---|---|
| Bicycle | KHS MOUNTAIN BIKE | 450 |
| Camcorder | SANYO | 250 |
| Desktop/Laptop Computer | HP | 950 |
| Television (Secondary) | FLAT SCREEN SAMSUNG | 1450 |

SCHEDULE A VALUE TOTAL $_____ 3100

### SCHEDULE B

**Items described in Schedule B are being purchased with the proceeds of this credit transaction or are purchase money collateral retained from a retail contract or revolving credit agreement which is being refinanced.**

**ITEMS PURCHASED WITH THE PROCEEDS OF THE CREDIT TRANSACTION OR IN WHICH CREDITOR RETAINS A PURCHASE MONEY SECURITY INTEREST**

| ITEM | SIZE/MODEL | VALUE |
|---|---|---|
|  |  |  |

SCHEDULE B VALUE TOTAL $_____

### SCHEDULE C

Items described in Schedule C are being purchased with the proceeds of this credit transaction OR are being used as security.

| ITEM | SIZE/MODEL |
|---|---|
|  |  |

I (We) hereby affirm that the items listed on this Personal Property Appraisal Form are owned by me (us), are not used in any way in my (our) employment, are not essential for my (our) welfare, and that the total value of goods used as security on this credit transaction is $_____ 3100.

WITNESS

SEPTEMBER 13, 2013
DATE

SIGNED

BORROWER

JOINT BORROWER

SR0291 (04-14-13) Personal Property Appraisal

# EXHIBIT B

# DEBTOR'S SCHEDULES B AND C

B6B (Official Form 6B) (12/07)

.

In re    Nedra Sneed                                                                                  ,    Case No.    1:14-bk-12307
                                                            Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | Cash on hand - less than | - | 50.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Chase checking account balance less than | - | 2,600.00 |
| | | Chase savings acount balance less than | - | 300.00 |
| | | Bank of America Checking balance less than | - | 250.00 |
| | | Bank of America Savings balance less than | - | 25.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | Security deposit held by landlord Location: In Landlord's possession | - | 350.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Used household goods and furnishings Location: Debtor's Residence | - | 3,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Misc used clothing Location: Debtor's Residence | - | 1,500.00 |
| 7. Furs and jewelry. | | Misc used jewelry Location: Debtor's Residence | - | 1,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | WRL Whole Life Insuance Policy - Cash Surrender Value Less Than $1200 | - | 1,200.00 |
| | | Term life insurance policy through employer -believed no liquidatable value | - | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 10,275.00 |
| (Total of this page) | |

   2    continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

B6B (Official Form 6B) (12/07) - Cont.

In re    Nedra Sneed                                                           ,    Case No.    1:14-bk-12307
                                                  Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | 401k through employer - balance less than | - | 22,000.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | Debtor's aunt owes her $500.  She does not expect to be paid | - | 500.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >     22,500.00
(Total of this page)

Sheet    1    of    2    continuation sheets attached
to the Schedule of Personal Property

Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    Nedra Sneed                                        ,    Case No.    1:14-bk-12307
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2013 Ford Edge 3000 mi Location: 20220 Sorrento Lane #306, Porter Ranch CA 91326 | - | 31,794.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 31,794.00 |
| (Total of this page) | |
| Total > | 64,569.00 |

Sheet   2   of   2   continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

B6C (Official Form 6C) (4/13)

.

In re    Nedra Sneed                                                              ,    Case No.    1:14-bk-12307
                                                                Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                          $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                   *with respect to cases commenced on or after the date of adjustment.)*
☒ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| Cash on hand - less than | C.C.P. § 703.140(b)(5) | 50.00 | 50.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Chase checking account balance less than | C.C.P. § 703.140(b)(5) | 2,600.00 | 2,600.00 |
| Chase savings acount balance less than | C.C.P. § 703.140(b)(5) | 300.00 | 300.00 |
| Bank of America Checking balance less than | C.C.P. § 703.140(b)(5) | 250.00 | 250.00 |
| Bank of America Savings balance less than | C.C.P. § 703.140(b)(5) | 25.00 | 25.00 |
| **Security Deposits with Utilities, Landlords, and Others** | | | |
| Security deposit held by landlord<br>Location: In Landlord's possession | C.C.P. § 703.140(b)(5) | 350.00 | 350.00 |
| **Household Goods and Furnishings** | | | |
| Used household goods and furnishings<br>Location: Debtor's Residence | C.C.P. § 703.140(b)(3) | 3,000.00 | 3,000.00 |
| **Wearing Apparel** | | | |
| Misc used clothing<br>Location: Debtor's Residence | C.C.P. § 703.140(b)(3) | 1,500.00 | 1,500.00 |
| **Furs and Jewelry** | | | |
| Misc used jewelry<br>Location: Debtor's Residence | C.C.P. § 703.140(b)(4) | 1,000.00 | 1,000.00 |
| **Interests in Insurance Policies** | | | |
| WRL Whole Life Insuance Policy - Cash Surrender Value Less Than $1200 | C.C.P. § 703.140(b)(8) | 1,200.00 | 1,200.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| 401k through employer - balance less than | 11 U.S.C. § 522(b)(3)(C) | 22,000.00 | 22,000.00 |
| **Accounts Receivable** | | | |
| Debtor's aunt owes her $500.  She does not expect to be paid | C.C.P. § 703.140(b)(5) | 500.00 | 500.00 |
| | | Total: 32,775.00 | 32,775.00 |

   0   continuation sheets attached to Schedule of Property Claimed as Exempt

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1230 Columbia St. Ste 1100
San Diego, CA 92101

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/26/2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

(x) Elizabeth Rojas, Trustee (cacb_ecf_sv@ch13wla.com)
(x) US Trustee, (ustpregion16.wh.ecf@usdoj.gov)

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 9/26/2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

(x) POC Address (Via Certified Mail)          (x) CA SOS Registered Agent (Via Certified Mail)
Springleaf Financial                                    Springleaf Financial Services, Inc.
PO Box 3251                                             c/o CT Corporation System
Evansville, IN 47731-3251                         818 West Seventh St. 2nd Fl

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 9/26/2014, served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

(x) Hon. Maureen Tighe (Judge's Copy)
United States Bankruptcy Court
21041 Burbank Blvd, Ste 324 / Ctrm 302
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 09/26/2014 | Nicole Dominguez | /s/ Nicole Dominguez |
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 4                          **F 4003-2.2.AVOID.LIEN.PP.MOTION**